**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARWIN CUNNINGHAM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00064-MTS |
| | ) | |
| NAPLETON MID RIVERS IMPORTS, INC., | ) | |
| *doing business as* NAPLETON MID RIVERS | ) | |
| KIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Court notes that Defendants' Notice of Removal, Doc. [1], has failed to establish this Court's subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").  Defendants' Notice fails to establish that the parties were diverse "both when the plaintiff[s] initiate[d] the action in state court and when the defendant[s] file[d] the notice of removal in federal court."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").  Party diversity at the time of the commencement of the action has long been a requirement for establishing diversity jurisdiction over cases removed to federal court.  *See, e.g.*, *Jackson v. Allen*, 132 U.S. 27, 34 (1889) (reversing the judgment of the court below "with directions to remand to the state court" because "the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not

sufficiently shown").  But Defendants provided no allegations establishing the indispensable requirement of the parties' diversity of citizenship at the time of this action's filing in state court.

What is more, Defendants' representation to the Court regarding Plaintiffs' citizenship at the time of removal is, at best, imprecise.  Defendants represented to the Court that, "[a]ccording to Plaintiffs' Petition, Plaintiffs are citizens of the state of Missouri."  Doc. [1] ¶ 9 (citing Doc. [3] ¶¶ 2–3).  But Plaintiffs' Petition says no such thing.  Rather, the Petition says that "at all relevant times," each Plaintiff "*was* a *resident* of the State of Missouri."  Doc. [3] ¶¶ 2, 3 (emphasis added).  Saying someone *was* a *resident* of Missouri does not establish he *is* a *citizen* of Missouri.  *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction.  This rule is not new." (internal citation omitted)); *Reece*, 760 F.3d at 777–78 ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.").

## CONCLUSION

Federal courts must "presume[] that a cause lies outside [its] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If Defendants can establish this Court's subject matter jurisdiction, Defendants must file an Amended Notice of Removal doing so.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than <u>**January 19, 2024**</u>, Defendants shall file

an Amended Notice of Removal establishing this Court's subject matter jurisdiction.

Dated this 16th day of January 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -