# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARWIN CUNNINGHAM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-00064-MTS |
| ) | |
| NAPLETON MID RIVERS IMPORTS, ) | |
| INC., *doing business as* NAPLETON MID ) | |
| RIVERS KIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel Arbitration and to Dismiss Plaintiffs' Petition, or, in the Alternative, to Stay this Action. Doc. [12]. Plaintiffs have filed a Motion for Extension of Time, Doc. [17], and a Motion for Leave to Conduct Discovery, Doc. [21]. Plaintiffs dispute that there exists a valid and binding arbitration agreement. Doc. [17] ¶ 3. Specifically, they dispute "whether there was an offer and acceptance, whether there was consideration for the agreements to arbitrate and whether both parties assented to the Agreements on a timely basis." *Id.* Plaintiffs request that this Court enter an Order permitting them to take a Rule 30(b)(6) deposition and a deposition of Defendants' Human Resources Vice President. Doc. [21].

When a motion to compel arbitration relies on matters outside of the pleadings, as it does here, a district court must treat the motion as one of summary judgment. *See Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 403 (8th Cir. 2021) (per curiam); *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 838 (6th Cir. 2021); *see also, e.g.*,

*Vargas v. J&J Snack Foods Corp.*, 4:22-cv-01187-MTS, 2023 WL 4579325, at *2 (E.D. Mo. July 18, 2023). Thus, Plaintiffs' Motion for Leave to Conduct Discovery is properly viewed as a motion under Federal Rule of Civil Procedure 56(d). *See Hesse v. Midland Credit Mgmt., Inc.*, 4:21-cv-00591-SEP, 2022 WL 503725, at *2 (E.D. Mo. Feb. 18, 2022) ("Rule 56(d) also applies to a motion to compel arbitration '[b]ecause the standard on a motion to compel mirrors that of a motion for summary judgment[.]'" (quoting *Heath v. Va. Coll., LLC*, 3:17-cv-00366-HSM, 2018 WL 4521027, at *4 (E.D. Tenn. Sept. 21, 2018))). Besides not providing an affidavit or declaration, like Rule 56(d) requires, Plaintiffs also have not provided "specified reasons" showing that they "cannot present facts essential to justify [their] opposition" to Defendants' Motion. *See* Fed. R. Civ. P. 56(d); *accord Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836–37 (8th Cir. 2015) (discussing Rule 56(d)'s standard).[1] The Court, therefore, will deny Plaintiffs' Motion for Leave to Conduct Discovery but will provide Plaintiffs more time to submit their Response in Opposition to the Motion to Compel Arbitration. *See* Doc. [20] at 1 (Defendants noting they do not oppose Plaintiffs' request for additional time to respond).

Accordingly,

---

[1] Rule 56(d) requires a party to "identify specific facts" that discovery might uncover and "show how those facts would rebut" another party's showing of the absence of genuine issues of material fact. *See Chambers v. Travelers Companies, Inc.*, 668 F.3d 559, 568 (8th Cir. 2012). But even putting Rule 56(d) aside, Plaintiffs cannot escape the Rule's practicality. Their Motion begs the question of what they expect to uncover—or even what they possibly could uncover—from Defendants here. *See Ameriprise Fin. Servs., Inc. v. Etheredge*, 277 F. App'x 447, 449 (5th Cir. 2008) (per curiam) (affirming district court's denial of request for discovery prior to ruling on a motion to compel arbitration and noting party seeking discovery "never suggested what evidence relevant to [his] defenses he suspected to find through discovery").

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Extension of Time, Doc. [17], is **GRANTED** in that Plaintiffs shall have through **March 04, 2024**, to respond to Defendants' Motion to Compel Arbitration and to Dismiss Plaintiffs' Petition, or, in the Alternative, to Stay this Action.  The Motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Conduct Discovery, Doc. [21], is **DENIED**.

Dated this 1st day of February 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE